IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTIONS** |
| vs. | ) | |
| | ) | Case No. 3:21-cr-36 |
| Romel Rambus, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No. 3:21-cr-36-PDW-4 |
| Keyshawn Dabney, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Michael Bledsoe and Maria Solano, | ) | Case No. 3:20-cr-189 |
| | ) | |
| Defendants. | ) | |

Before the Court are the Government's motions for joinder of Defendants for trial. Doc. No. 907; Case No. 3:21-cr-36, Doc. No. 85.[1] The Government seeks to join Defendants Michael Bledsoe and Maria Solano and rejoin Defendant Keshawn Dabney.[2] Dabney opposes joinder. Doc.

---

[1] Identical motions appear in each of the three above-entitled cases. Unless indicated otherwise, the Court cites to the record in Case No. 3:21-cr-36.

[2] In Case Number 3:21-cr-36, there are three Defendants with the last name Dabney: Devonsha Dabney, Kemani Dabney, and Keyshawn Dabney. Of those Defendants, the motion before the Court only involves Keyshawn Dabney. Therefore, for the purposes of this Order, when the Court refers to "Dabney," it is referring to Defendant Keyshawn Dabney.

No. 908. Bledsoe and Solano have not responded to the motion. For the reasons below, the motions for joinder are granted.

I.      **BACKGROUND**

Bledsoe and Solano were originally indicted in Case No. 3:20-cr-189 (the "Bledsoe Case"), whereas Dabney was indicted in and previously severed from Case Number 3:21-cr-36 (the "Rambus Case"). As to Bledsoe and Solano, on October 21, 2020, the Government filed a seven-count Indictment, charging various drug and conspiracy charges. Case No. 3:20-cr-189, Doc. No. 2. According to the Government, "Bledsoe's source of supply was Jonathan Walker and Gary Wells. While Walker and Wells were the sources of supply, Devonsha Dabney was in charge of the organization in North Dakota, including overseeing field workers in a similar position as Michael Bledsoe." Case No. 3:20-cr-189, Doc. No. 85. Jonathan Walker, Gary Wells, and Devonsha Dabney are all charged in the Rambus case. On July, 12, 2022, the Government moved to join Bledsoe and Solano to the Rambus trial.

In the Rambus case, an indictment was filed on February 17, 2021. Doc. No. 2. On September 15, 2021, the Government filed a superseding indictment charging thirty-eight Defendants, including Dabney. Doc. No. 543. On March 2, 2022, the Government filed a motion to sever Dabney pursuant to Federal Rule of Criminal Procedure 14 because "[t]o date, the United States has been unsuccessful in securing the appearance of [Keyshawn Dabney]", the "remainder of the defendants have appeared before the Court, and one of the defendants has executed a plea agreement," and that "[s]evering would allow the Government to proceed with trial against the remaining defendants." Doc. No. 763. The Court granted the unopposed motion to sever on March 24, 2022. Doc. No. 784.

On June 15, 2022, a fifteen-count second superseding indictment was filed charging thirty-nine Defendants (including Dabney) with various drug, money laundering, conspiracy, and continuing criminal enterprise charges.[3] See Doc. No. 543. On or around June 22, 2022, Dabney was arrested. See Doc. No. 880; Doc. No. 908. That same day, Dabney had his initial appearance in the United States District Court in the Eastern District of Michigan. Doc. No. 880. Now, the Government moves to rejoin Dabney for trial pursuant to Federal Rule of Criminal Procedure 13 and 8(b). Doc. No. 907.

**II.     DISCUSSION**

Under Federal Rule of Criminal Procedure 13, "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. "But because Rule 13 provides no independent joinder authority, the court must look to Rule 8(b) to determine 'whether the [G]overnment could have satisfied the requirements of Rule 8 if the charges and defendants had been brought as a single proceeding. If the Rule 8 requirements are not satisfied the matters may not be consolidated.'" United States v. Berganza Espina, No. 4:19-CR-00228, 2021 WL 4941073, at *1 (E.D. Tex. Oct. 22, 2021) (quoting 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Consolidating Indictments and Informations § 217 (5th ed.); and citing United States v. Harrelson, 754 F.2d 1153, 1176 (5th Cir. 1985)). Under Federal Rule of Criminal Procedure 8(b), "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

---

[3] Defendant Demetrius Glenn was charged for the first time in the Second Superseding Indictment. See Doc. No. 868.

"Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). Under that formulation, "rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (cleaned up). The decision to consolidate separate cases for trial is discretionary. United States v. Knowles, 572 F.2d 267, 270 (10th Cir. 1978); United States v. Haygood, 502 F.2d 166, 169 n.5 (7th Cir. 1974).

### A.  Bledsoe and Solano

At the outset, Bledsoe and Solano have not filed a response, and "[a]n adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."  D.N.D. Crim. L.R. 47.1(E). The Court has also independently reviewed the record and case law and is persuaded that joinder is appropriate on these facts. As such, the Court finds that their trials should be joined in the interest of justice and to promote judicial economy and efficiency. See Zafiro v. United States, 506 U.S. 534, 537 (1993) (noting federal system's preference for joint trials of defendants who are indicted together); United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994) (explaining rules are liberally construed in favor of joinder). Joining Bledsoe and Solano with the Rambus trial will allow the matter to timely proceed.

### B.  Dabney

Conversely, Dabney objects to joinder. In his objection, Dabney takes issue that the Government originally sought the severance and seeks joinder. Doc. No. 908. At first blush, Dabney's argument has some logical appeal. Nevertheless, subsequent to the Court's order to sever, the specific facts of this case evolved and support joinder. Here, the Government initially moved to sever Dabney because he had not yet been arrested, and as such, trial against the over thirty other codefendants could not proceed. The Court granted the unopposed motion to sever,

4

specifically noting its concern "with further delay of the trial and additional prejudice to the available Defendants" and finding that severance "would allow the appearing Defendants to have a speedy trial." Doc. No. 784, p. 2. Subsequent events, however, have obviated those concerns. On June 15, 2022, the Government filed a second superseding indictment that included a charge against Dabney for conspiracy to distribute and possess with intent to distribute a controlled substance. And, approximately seven days later, Dabney was arrested. As such, Dabney is no longer an outstanding defendant, and Dabney's trial should be joined with the Rambus case (in which the Defendants have already made their initial appearances) in the interest of justice and to promote judicial economy and efficiency. See Zafiro v. United States, 506 U.S. 534, 537 (1993) (noting federal system's preference for joint trials of defendants who are indicted together); United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994) (rules are liberally construed in favor of joinder). Further, the second superseding indictment alleges Dabney along with his remaining co-defendants in the Rambus case participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. See Zafiro, 506 U.S. at 537; United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995). Joining Dabney's trial with his co-defendants in the Rambus Case's trial will allow the matter to timely proceed and would promote judicial economy and efficiency.

### III.  CONCLUSION

Having considered the record and the parties' filings, the Government's motions for joinder (Doc. No. 907; Case No. 3:20-cr-189, Doc. No. 85) are **GRANTED**. Pursuant to Rules 8(b) and 13 of the Federal Rules of Criminal Procedure, Keyshawn Dabney, Michael Bledsoe, and Maria Solano are joined with trial as to Romel Rambus, Devonsha Dabney, Kemani Dabney, Gary Dewayne Wells, Jonathan Walker, Cassandra Fulford, Ervin Sampson,  Brandon Sampson,

Osagyefo Nkrumah Nagbe, Dequan Wells, Alonte Patterson, Jalen Johnson, Jordan D. Higgins, Antoine Paige, Kyle Alexander Culver, Sierra Davis, Jalen Hester, Hope Victoria Welton, Sidrick James Tootosie Baker, Kristin Johnson, Ethan Youngbird, Dennison Jay Nez, Jr., Denna Toulette, Sean Denard Adams, Sean Petty, Josepth Washington Reed, Martez Powell, Nobata Elliot, Jozlyn Graham, Jovanta Johnson, Tregan Rambus, Demetrius Glenn. Trial is currently scheduled to commence on December 6, 2022, at 9:30 a.m. in Fargo. All time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation. See 18 U.S.C. § 3161(h)(6), (7)(A), (7)(B)(i) and (iv).

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court